GLADNEY *v.* GLADNEY *et al.*[*]

[106 So. 768. No. 25304.]

(Division B. Dec. 14, 1925. Suggestion of Error Overruled Jan. 25, 1926.)

JUDGMENT. *Determination of questions incidental to that presented by pleadings not res judicata.*

Determination, in action for rent, of questions incidental to that of whether any rent was due, as value of improvements and length of lease by an accounting, is not *res judicata* thereof, as only questions presented by pleading can be adjudicated.

---

[*]Corpus Juris-Cyc. References; Judgments, 34 C. J., pp. 921, n. 74; 929, n. 1.

APPEAL from chancery court, of Monroe county.

HON. ALLEN COX, Chancellor.

Suit between Georgia Gladney and Lewis Gladney and others. From an adverse decree, the former appeals.

PER CURIAM. Affirmed.

### ON SUGGESTION OF ERROR.

*Wiley H. Clifton,* for appellant.

The general rule is that a judgment or decree is conclusive between parties and privies. It is conclusive both of the law and facts. It is not only conclusive of the rights of the parties in the particular suit, but of every fact which the judgment or decree affirms positively, or by necessary implication. *Stewart* v. *Stebbens,* 30 Miss. 66; *Laird* v. *Keirn,* 52 Miss. 341; *Hartman* v. *Pickering,* 84 Miss. 427-31; *Dean* v. *Sup'v.,* 135 Miss. 280.

If Lewis Gladney did not make his demand in the action at law co-extensive with his rights, he cannot now be relieved in equity for what he omitted, as the law court had full jurisdiction not only of all that was proved, but of all that might have been established. The chancellor in the instant case held that the lease contract needed no reformation and admitted parol testimony to prove the value or cost of the outbuildings. *Gains* v. *Kennedy,* 53 Miss. 390; *Gillum* v. *Case,* 71 Miss. 855 and cases cited; *Vinson* v. *Mortgage Co.,* 116 Miss. 63; *Home Ins. Co.* v. *Tate Mercantile Co.,* 117 Miss. 760.

The contention of appellees will be that the only issue in the suit at law was "whether Lewis Gladney owed any rent or not," and the circuit judge had no jurisdiction or power to say "when the lease contract would expire." In order to determine whether the tenant owed any rent, it was necessary to have an accounting between the parties as to the value or cost of improvements and the reasonable rental value of the land for the years 1922 and 1923. Otherwise, how could they tell whether any rent was owed by Lewis or not? The lease contract did not

fix the value of either. Then all the evidence that went
to prove or tended to prove the cost of the improvements
and the reasonable rental value of the land for 1922 and
1923 were material facts involved in the issue. Our court
has held in more than one case that one way to tell wheth-
er the matter is *res judicata* is to see whether the same or
same character of testimony used in the first suit was
necessary to maintain the second suit. The pleadings
in the two suits show that the only way the accounting
could be had was to inquire into the value of the improve-
ments and rents deducting the lesser from the larger sum.

On the findings of the facts involved in the issue and
necessary to support it, the chancellor's opinion covers
the same matter that the circuit judge's opinion decides;
they merely differ as to the cost of the improvements and
the reasonable yearly rental of the land for 1924 and
1925. And the chancellor held that it was not necessary
to reform the lease contract in order to recover for the
cost of the outbuildings. The only findings of the cir-
cuit court that the chancellor permitted to stand was the
annual rent of one hundred dollars for 1922 and 1923;
when the proof as to the rent introduced before him
covered the full four years. If this was because he con-
sidered himself bound by the circuit court judgment, why
not equally bound by the circuit court's finding that the
cost of the dwelling house was two hundred dollars? I
submit that the matter of rent for 1924 and 1925 was not
left open for the reason that the improvements were to
be paid for with the rent from the land for the term nec-
essary to reimburse Lewis Gladney. And when the cir-
cuit court fixed one hundred dollars as a reasonable an-
nual rental and this sum liquidated the improvements,
then he was bound to pay the same yearly rental if he
held over.

*Leftwich & Tubb*, for appellees.

Appellant complains that the chancery court reopened
"the accounting over the improvements and rents be-

tween these parties when the circuit court in the action of replevin brought by *Lewis Gladney* v. *Georgia Gladney,* involving those same improvements and rents, had gone into this accounting, etc.'' Now this question arises: Are the proceedings in the circuit court of Monroe county *res adjudicata?*

The clean, square-cut issue between the parties was whether or not the bale of cotton in question was wrongfully seized. True, it is if Lewis Gladney owed no rent, the cotton was wrongfully seized and if he owed rent, it was rightfully seized.

It has been held that what the judge may say in rendering an opinion does not bind the parties, his side remarks or his views or reasons for his judgment are not part of the judgment and are not *res adjudicata.* They do not estop any of the parties. It is his finding and the final judgment that controls. *Buckner* v. *Calcotte,* 28 Miss. 432; *Hort* v. *Chemical Nat'l Bank,* 27 So. 926.

In this trial of the landlord's attachment writ there was nothing involved except the issue as to whether or not the cotton was wrongfully seized. We submit, the parties are not the same, the issue is not the same, the subject matter is not the same, the relief sought is not the same and the proof required is entirely different in the two cases.

Counsel assert and cite authorities for his proposition that everything which might have been litigated and settled in the circuit court proceeding is *res adjudicata* in this proceeding, and then he goes on to assert that Lewis Gladney, the complainant, could have received in the circuit court relief in all these matters now involved in the chancery court. The mere statement of the two cases as to what each court had before it is a complete refutation of this flimsy argument. The mere fact that some of these matters were incidentally before the circuit court in the landlord's attachment proceeding and that certain of these issues in the present chancery court proceeding might have been raised in the circuit court cause, does not work an estoppel in the present case. *Alexander* v.

141 Miss.—24.

*Woods,* 115 Miss. 164; *Terry* v. *Hageman,* 102 Miss. 224; *Hardy* v. *O'Pry,* 102 Miss. 197.

ANDERSON, J., delivered the opinion of the court.

We have reconsidered this case on suggestion of error, giving the questions argued a painstaking and careful consideration. After doing so, we are of opinion that the judgment of the lower court was properly affirmed.

The adjudication in the rent case in the circuit court settled only one question, namely, whether there was any rent due. Every other question determined in that case was merely incidental to that one question. That was not a proceeding to determine the value of the improvements made and the length of the lease. Those questions were subordinate to the one main question, whether there was rent due. The doctrine of *res judicata* does not cover collateral and side issues leading up to the main issue. If that were true, it might occur that many lawsuits would be settled in one action, although not involved in the pleadings of the parties. Only the questions presented by the pleadings in a cause can be adjudicated. Under this principle the accounting had in the circuit court case upon which appellant lays so much stress was a mere collateral question in that case. We think the right result has been reached in this case.

*Suggestion of error overruled.*